UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Derico Williamson,

    Petitioner,

v.

Tom Watson,

    Respondent.

Case No. 16-cv-4081 (SRN/TNL)

**REPORT & RECOMMENDATION**

Derico Williamson, Reg. No. 23293-076, F.C.I. – Sandstone, P.O. Box. 34550, Sandstone, MN 55072 (pro se Petitioner); and

Ana H. Voss, D. Gerald Wilhelm, and David W. Fuller, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Derico Williamson's Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Pet., ECF No. 1.) This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that the Petition be denied.

## II. BACKGROUND

In June 2007, Petitioner was sentenced in two state criminal court cases (Case Nos. W-06-00787 and 04-08410) in Tennessee for controlled-substance offenses and placed on probation. (Ex. B to Decl. of Grace Woods-Coleman, ECF No. 7-2; *see* Pet. at

2.)  In August 2008, Petitioner was arrested by state authorities in Tennessee.[1]  (Pet. at 2; Decl. of Grace Woods-Coleman ¶ 5, ECF No. 7.)  Petitioner's probation was revoked and he was charged with and subsequently sentenced for an additional controlled-substance offense (Case No. 08-02540).  (Woods-Coleman Decl. ¶ 5.)  In total, Petitioner was sentenced to eight years of imprisonment.  (Pet. at 3; *see* Ex. B.)

From August 2008 to October 20, 2009, Petitioner served his state sentences in a state correctional facility.  (Pet. at 3; Woods-Coleman Decl. ¶¶ 6-7; Ex. C to Woods-Coleman Decl., ECF No. 7-3.)  On October 20, 2009, Petitioner was removed from state custody by the United States Marshals Service via a federal writ of habeas corpus *ad prosequendum* after he was indicted in the United States District Court for the Western District of Tennessee under 18 U.S.C. § 922(g) for illegally possessing a firearm.  (Pet. at 3; *see* Woods-Coleman Decl. ¶¶ 7-8; Ex. C.)  Petitioner was transferred to the West Tennessee Detention Facility.  (Pet. at 3; Ex. C.)

On September 21, 2010, Petitioner was sentenced by the federal district court to 120 months imprisonment.  (Woods-Coleman Decl. ¶ 8; Ex. D to Woods-Coleman Decl., ECF No. 7-4.)  The district court ordered that the federal sentence be served consecutively to the sentences previously imposed in Petitioner's state cases.  (Woods-Coleman Decl. ¶ 8; Ex. D to Woods-Coleman Decl.)  Petitioner returned to state custody on September 24, 2010.  (Woods-Coleman Decl. ¶ 9; *see* Ex. C.)

Petitioner was paroled on February 1, 2011, and released into the custody of the United States Marshals Service on February 4, at which point his federal sentence

---

[1] These charges were subsequently dismissed in September 2008.  (Woods-Coleman Decl. ¶ 5.)

commenced. (Woods-Coleman Decl. ¶¶ 10-11, 17; Ex. C; Ex. E to Woods-Coleman Decl., ECF No. 7-5.)

### III. ANALYSIS

Petitioner asserts that he did not receive credit for the time spent in federal custody between October 20, 2009, and September 21, 2010, on the writ of habeas corpus *ad prosequendum*. Petitioner asserts that his "time in the state *stopped* upon the transfer into federal custody." (Pet. at 4.) Petitioner further asserts that Respondent has refused to credit Petitioner for the time spent at the West Tennessee Detention Facility on his federal sentence and this time was not credited to his state sentences. According to Petitioner, he is essentially being forced to serve an additional year of imprisonment. Respondent requests that the Court dismiss the Petition because the time at issue was already credited to Petitioner's state sentences.

**A. Primary Jurisdiction**

"Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013); *see* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by

which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). "Primary jurisdiction continues until the first sovereign relinquishes its priority in some way," such as release on bail, dismissal of charges, parole, or expiration of a sentence. *Id.* "If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is *not* lost but rather the defendant is considered to be 'on loan' to the other sovereign." *Id.* at 896-97 (emphasis added). A writ of habeas corpus *ad prosequendum* "is used to obtain custody of a defendant so that he can be prosecuted in the proper jurisdiction," resulting in the defendant being "on loan" from the state authorities to the federal authorities. *Stevenson v. Terrell*, No. 08-cv-6058 (JRT/JJK), 2009 WL 1035161, at *4 (D. Minn. Apr. 16, 2009); *see United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008).

As relevant to the instant case, state authorities in Tennessee arrested Petitioner in 2008. Because Tennessee was the first sovereign to take physical custody of Petitioner, Tennessee had primary jurisdiction over Petitioner. *See Elwell*, 716 F.3d at 481; *Cole*, 416 F.3d at 897. Petitioner remained in state custody, serving his state sentences, until October 20, 2009, when, pursuant to a writ of habeas corpus *ad prosequendum*, he was "loaned" to the United States in connection with the federal prosecution and transferred to the West Tennessee Detention Facility. *See Elwell*, 716 F.3d at 482; *Hayes*, 535 F.3d at 910; *Cole*, 416 F.3d at 896-97. The writ of habeas corpus *ad prosequendum* did "not alter . . . [Petitioner's] custody status, but merely constitute[d] a temporary change in the location of his custody." *Stevenson*, 2009 WL 1035161, at *4. Thus, despite the change

in physical custody, "th[is] transfer of physical control over [Petitioner's] custody from [Tennessee] to the United States did not terminate [Tennessee's] primary jurisdiction." *Elwell*, 716 F.3d at 482; *see Cole*, 416 F.3d at 897; *Aguilar v. United States*, 15-cv-487 (SRN/JSM), 2015 WL 5719166, at *4 (D. Minn. Sept. 29, 2015) ("[T]he fact that Petitioner spent time in federal custody before he was sentenced on the federal charges, based on a federal writ, did not serve to change primary jurisdiction from Iowa to the federal government.").

On September 21, 2010, Petitioner was sentenced by the federal district court, and shortly thereafter returned to the state correctional facility. At no time during the course of the federal prosecution did Tennessee lose its primary jurisdiction. Notwithstanding the change in Petitioner's physical location, the time served between October 20, 2009, and September 21, 2010, continued to count against Petitioner's state sentences. Petitioner argues, without support, that this time was not counted against his state sentences, (*see* Pet. at 2, 4, 5, 6), and "[a] review of the sentence computation data sheet from the [state correctional facility] in case numbers 04-08410, W-06-00787, and 08-02540 would reflect . . ." that he did not receive credit for the time period at issue, (Pet. at 5-6). Respondent, on the other hand, has presented evidence showing that Tennessee correctional officials did apply this time to his state sentences. (Ex. B (noting, as of March 16, 2011, "[t]ime serve credit 8-15-08 to present" and "[t]ime serve from 12-12-08 to present").) In short, there is no factual dispute that Petitioner received the state credit notwithstanding his unsupported protestations.

5

On February 1, 2011, Tennessee paroled Petitioner. At this point, Tennessee relinquished its primary jurisdiction over Petitioner. *Elwell*, 716 F.3d at 481; *Cole*, 416 F.3d at 897. And, Petitioner was released into the custody of the United States Marshals Service on February 4.

**B. Federal Sentence**

Petitioner was returned to state custody following the pronouncement of his federal sentence, which, as Petitioner himself acknowledges, was consecutive to his state sentences. Accordingly, his federal sentence did not commence at that time. *See Hayes*, 535 F.3d at 910; *Cole*, 416 F.3d at 897. Rather, as determined by the Bureau of Prisons, Petitioner's federal sentence commenced on February 4, 2011, after Tennessee's primary jurisdiction ended and Petitioner was taken into federal custody.[2] *See* 18 U.S.C. § 3585(a); *Hayes*, 535 F.3d at 910 ("Only the [Bureau of Prisons] has the authority to determine when a federal sentence commences.").

In calculating a term of imprisonment,

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

---

[2] Petitioner does not dispute that he received two days' credit towards his federal sentence for February 2 and 3, 2011, the time between his parole and release to the United States Marshals Service. (Woods-Coleman Decl. ¶¶ 17, 19; Ex. A; *see* Pet. at 4.)

18 U.S.C. § 3585(b) (emphasis added). "Based on the plain language of the statute, 'Congress made clear that a defendant could not receive a double credit for his detention time.'" *Aguilar*, 2015 WL 5719166, at *4 (quoting *United States v. Wilson*, 503 U.S. 329, 337 (1992)); *see Elwell*, 716 F.3d at 484 ("[W]e believe § 3585(b) is not a source of discretion for [the Bureau of Prisons]."); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975) (per curiam) ("This Court has held unequivocally that a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time."). As such, "it is manifest that a [habeas] petitioner *cannot* be credited for time in custody before his federal sentencing if time has been credited towards another sentence." *Stevenson*, 2009 WL 1035161, at *3 (citing *Wilson*, 503 U.S. at 334).

Here, as stated above, Petitioner received credit on his state sentences for the period of time he was temporarily in federal custody pursuant to the writ of habeas corpus *ad prosequendum*. *See id.* at *4 ("What is most important here is that Petitioner was getting credit towards his Michigan sentence throughout this whole 345-day period, including those days when he was temporarily in federal custody pursuant to a writ."). Because Petitioner already received credit for October 20, 2009, through September 21, 2010, on his state sentences, the crediting of this time to his federal sentence would result in the very double credit prohibited by § 3585(b). *Elwell*, 716 F.3d at 484; *Aguilar*, 2015 WL 5719166, at *5; *Stevenson*, 2009 WL 1035161, at *4; *see United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993) (Bureau of Prisons properly did not award credit for

7

time credited to state sentence "as it would have contravened the proscription in 18 U.S.C. § 3585(b) (1988) against double crediting"). In sum, because the time period from October 20, 2009, through September 21, 2010, was already credited towards Petitioner's state sentences, Petitioner is not entitled to habeas relief on the basis that Respondent did not properly compute his sentence.

## IV. RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) **BE DENIED**.

2. This matter **BE DISMISSED WITH PREJUDICE**.


Dated: June  16 , 2017                              *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    for the District of Minnesota

                                                    *Williamson v. Watson*
                                                    Case No. 16-cv-4081 (SRN/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).